## Hackman *versus* Flory.

1. On an appeal from the judgment of a justice of the peace, it need not appear in the *declaration* that the claim of the plaintiff was for an amount within the jurisdiction of the justice; it is sufficient if that appear on the trial.

2. In an action for service rendered, the plaintiff may show service rendered by his wife as well as himself, though her services are not mentioned in the declaration.

3. In an action by the husband for service rendered by himself and also by his wife, the declarations of the wife, during service, as to the terms of her employment, are admissible on the part of defendant.

4. In the case of a hiring for a year, at a specified sum per month, it is not competent for the employer, within the period contracted for, to reduce the amount of monthly pay, without the consent of the other party.

ERROR to the Common Pleas of *Lancaster county.*

Benjamin Flory brought suit against Abraham S. Hackman, before a justice of the peace—referees reported, finding for plaintiff $16.98. Defendant appealed.

In one count in the declaration, were claimed $131 for work done by the plaintiff. The narr. contained other counts, in which the service by the wife of plaintiff was not mentioned. It was stated

[Hackman *v.* Flory.]

on the transcript from the justice's docket—Demand, book-account, $131.   Credit, $91.52.   Balance, $39.48.

It was proved, on the part of the plaintiff, that he was hired by defendant at $10 per month, that this service commenced in March 1848, and that he continued in defendant's employ till April 1849.

Defendant objected to the jurisdiction, because the declaration is for $131, without any credits endorsed.  Court overruled the objection for the present.  Defendant excepted.  Plaintiff got married on Christmas 1848.  Plaintiff offered to prove work done by his wife, since her marriage.  Defendant objected; the evidence was admitted, and defendant's counsel excepted.  It was proved that plaintiff's wife kept house for defendant, from Christmas after her marriage, till in March following, as she had done before.

On part of defendant, it was testified that plaintiff told witness that defendant would not give him more than $7 per month from 1st January till 1st April 1849.  If he chose to stay at that, he might.

Defendant offered to prove that during the service of Mrs. Flory, she stated that she was working for her board.  Plaintiff objected.  Court rejected the evidence, and exception on part of plaintiff.

The court, with other instructions, told the jury that if the contract was for the whole year, at $10 per month, defendant had no right to change it without the plaintiff's consent.  This part of the charge was excepted to on part of defendant.

Verdict for plaintiff for $8.77.

It was assigned for error:

1. The court erred in sustaining the jurisdiction of the magistrate, as plaintiff declared (and gave evidence to sustain it) for $131.  The suit originated before a justice of the peace.

2. In allowing plaintiff to prove work done for defendant by plaintiff's wife, having laid all the work as done by himself.

3. In refusing to allow defendant to prove that Mrs. Flory said, *when doing the work for which the plaintiff charged defendant,* that she was doing it for her board, as she worked mostly for herself.

4. In charging the jury that defendant could not, on notice, reduce plaintiff's wages *in future* to $7 after his marriage, unless plaintiff consented, if the original hiring was for a year at $10 per month.

*Stevens,* for Hackman, plaintiff in error.—Plaintiff gave evidence of a demand equal to the sum demanded in plaintiff's declaration, giving no credits to reduce it below $100.  Defendant then raised the question of jurisdiction, as the suit was brought before a justice of the peace.  Court sustained the jurisdiction, and defendant excepted.  This is assigned as the 1st error.

R 2

[Hackman *v.* Flory.]

That the plaintiff could not charge defendant with work done by any other person but himself, as he lays it to have been thus done. That defendant ought to have been allowed to prove that while in the act of doing the work, the wife stated on what account she was doing it. It was part of the *res gestæ*, and could not be separated from the thing done. She was living in defendant's house, and working for herself; and when she did occasional turns for defendant, it seems to be competent to prove who she said it was for, and on what account.

*Frazer*, for defendant in error.—1. The transcript of the justice's docket, in this case, shows the justice's jurisdiction—the plaintiff's claim having been reduced to below $100 by direct payments : Cooper *v.* Coats, 1 *Dal.* 308; Stewart *v.* Mitchell, 13 *Ser. & R.* 287. The office of the declaration is to state the plaintiff's cause of action, and not the defendant's defence. The damages suffered by a plaintiff may be less than $100 when a suit is instituted, yet after an appeal, when the declaration is filed, may be more than $100. Therefore, the laying of a sum over $100 in the declaration does not show a want of jurisdiction in the justice : Rankin *v.* Murry, 2 *Pa. Rep.* 74; 5 *Bin.* 522. In this case, defendant gave in evidence the credits in plaintiff's book, amounting to $91.52.

2. The evidence in the 2d bill of exception was properly admitted, the wife being considered the husband's servant, and the promise, in law, is made to him : *B. N. P.* 126; 2 *Stark. Ev.* 688–9, *Husband and Wife*, 1. A husband, suing alone on a note given to his wife during coverture, may describe it as given to him, without noticing the wife : 4 *Term Rep.* 616; 2 *Ch. Pl.* 136, note.

3. The admissions of the wife will bind the husband only where she has authority to make them. Where he sues for her wages, the fact that she earned them does not authorize her to bind him by her admissions : Hall *v.* Hill, 2 *Str.* 1094; *Green. Ev.* section 185.

4. The law is rightly stated in the charge of the court, "that if the contract was for the whole year at $10 per month, defendant had no right to change it without plaintiff's consent." It bound both, and could be changed only by consent of both. The plaintiff and his wife both worked for defendant before their marriage, and rendered him as much service after as before.

The opinion of the court was delivered June 2, by

CHAMBERS, J.—This is an action of *assumpsit*, for work, labor, and services rendered by defendant to the plaintiff.

On the trial, defendant offered to prove that whilst Mrs. Flory, the wife of the plaintiff, was doing work in the family of defendant, and for which defendant was charged in this action, she stated

[Hackman v. Flory.]

that she was doing it for her board, as she worked most of the time for herself; which evidence being objected to, was refused by the court, and exception taken by defendant.

Whilst the admissions of a wife are not receivable to charge the husband, is a general rule, to be sustained on sound policy, judicial authority, and a regard to the legal relation of husband and wife; yet the exigencies of trade and intercourse, the habits of society, and family convenience and arrangements, necessarily create exceptions to this rule, to be observed and respected. When there is a division of the labors and employment of a husband and wife, at home or abroad, and the husband permits his wife to act and be employed in the business of life with others, he necessarily commits to her the agency and control of her actions and contracts. His consent is to be presumed as giving to her power to contract and make engagements, for which she is to receive the wages and profit; and if she is thus made competent to contract, she may certainly furnish evidence, whilst engaged in the business, of the terms of the contract in which she is employed, as part of the *res gestæ*. The husband who permits his wife to be engaged in the domestic service of other families by hiring, which is, it is believed, a common occurrence, cannot with propriety object to the terms which she made, and on which she was retained, and the services rendered. She was allowed to obtain the situation, and it must be held on the terms which she made, and of which her declarations at the time, and whilst engaged in the work, are evidence. His consent is to be presumed, and the presumption is only rebutted by objection or prohibition on the part of the husband; and until such objection, her engagement would be the measure of his right for her services. In the case of Spencer v. Tisue *Add.* 319, it is said the cares of matrimony, the duties of management are divided; the husband assumes some parts, and submits other parts to the cares of the wife. When he acts or submits, he is bound. There may be a presumed agency in their common concerns, with which every wife is presumed to be vested, &c. In McKinley v. McGregor, in this court, 5 *Whar.* 569, it is ruled, if husband and wife live together, any business in which she may be engaged is presumed to be conducted by her with his knowledge and as his agent.

The declaration of a wife, at the time of effecting a policy on her life, as to the state of her health, was received in evidence against her husband as a part of the *res gestæ*: Oveson v. L. Kennard, 6 *East* 188.

On principle and authority, it is the opinion of the court that the declarations of Mrs. Flory, made at the time and place of her service, as to what her employment was, and the terms of it, were part of the *res gestæ*, and in a transaction in which she was presumed to be acting with the consent of her husband; and as such

[Hackman *v.* Flory.]

her declarations ought to have been received. In the refusal of the court below there was error. The other errors assigned not being maintained, it is unnecessary to remark on them in detail.

Judgment reversed and a *venire de novo* awarded.